FILED
SUPERIOR COURT
OF GUAM

2025 DEC -2 PM 4: 19

CLERK OF COURT

BY:_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| JOSHUA F. PETER, ET AL., | **CIVIL CASE NO. CV0426-18** |
| Plaintiffs, | |
| vs. | **DECISION AND ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT** |
| FRANCIS GILL, ET AL., | |
| Defendants. | |

Plaintiffs move this Court to alter or amend the August 11, 2025 Findings of Fact and Conclusions of Law. Plaintiffs claim that the Court clearly erred in determining that Defendants did not violate Guam's Deceptive Trade Practices Act (DTPA) and that the duty of good faith and fair dealing is inapplicable to the facts of this case. Upon review of the parties' arguments and applicable law, the Court determines that its August 11 Findings of Fact and Conclusions of Law were not reached erroneously.

I.      **LAW AND DISCUSSION**

Under GRCP 59(e), "[m]otions for reconsideration are appropriate where the trial court: (1) is presented with new evidence; (2) committed clear error or the decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Rong Chang Co. v. M2P, Inc.,* 2012 Guam 1 ¶ 16. Clear error occurs when a court fails to act rationally. *DFS Guam L.P. v. A.B. Won Pat Int'l Airport Auth.,* 2014 Guam 12 ¶ 22.  Moreover, Rule 59(e) relief is an "extraordinary remedy, to be used sparingly." *Id.*

ORIGINAL

### A. The Court did not err in finding that Plaintiffs failed to prove a DTPA violation.

Plaintiffs argue that the Court committed clear error by using an incorrect standard in its DTPA analysis. Pls.' Mem. P. & A. Mot. Alter or Amend J. at 6 (Aug. 18, 2025) ("Mot."). A successful claim under the DTPA requires a plaintiff to prove the following elements: (1) there is a representation, omission, or practice; (2) the representation, omission, or practice is likely to mislead consumers acting reasonably under the circumstances; and (3) the representation, omission, or practice is material. *Quichocho v. Macy's Dep't Stores, Inc.*, 2008 Guam 9 ¶ 19 (citing *Guam v. Marfega Trading Co.*, 1998 Guam 4 ¶ 11). In its Findings of Fact and Conclusions of Law, the Court determined that "Plaintiffs cannot demonstrate that Gill's three statements were likely to mislead Plaintiffs" based on an analysis performed relative to whether Plaintiffs lacked justifiable reliance on such statements. Finds. Fact & Concls. Law at 22 (Aug. 11, 2025) ("FFCL"). Plaintiffs claim that by using a standard of "justifiable reliance" rather than "reasonable reliance," the Court improperly added an element that they do not need to prove under Guam law. *Id.*

There is little difference between reasonable reliance and justifiable reliance in the context of deceptive trade practice claims. *See Porreco v. Porreco*, 811 A.2d 566, 571 (Pa. 2002) ("To be justifiable, reliance upon the representation of another must also be reasonable."). In Guam, a representation runs afoul of the DTPA if it is likely to mislead consumers acting "reasonably under the circumstances." *Marfega Trading Co.*, 1998 Guam 4 ¶ 11. While the word "reliance" does not appear in Guam's DTPA, a representation would not be likely to mislead a consumer acting "reasonably under the circumstances" if that consumer's reliance on the representations at issue was unreasonable. The language in *Marfega* and *Quichocho* requiring reasonableness "under the circumstances" is consistent with cases interpreting both reasonable



and justifiable reliance, as both standards require a case-by-case analysis of the conduct and parties involved. *See, e.g., Corsale v. Sperian Energy Corp.*, 412 F. Supp. 3d 556, 566 (W.D. Pa. 2019) ("Whether a plaintiff's reliance was justifiable is typically a question of fact for the fact-finder to decide, and requires a consideration of the parties, their relationship, and the circumstances surrounding their transaction." (internal quotation marks omitted)); *Bumpers v. Cmty. Bank of N. Va.*, 747 S.E.2d 220, 227 (N.C. 2013) ("The second element, reasonableness, is most succinctly defined in the negative: 'Reliance is not reasonable where the plaintiff could have discovered the truth of the matter through reasonable diligence, but failed to investigate.'").

The Court's analysis of Plaintiffs' DTPA claim was not clearly erroneous. It made a rational finding based on the circumstances of the case that the Plaintiffs, through their agent, did not act reasonably under the circumstances when they relied on Defendants' representations. The circumstances of this case involve two sophisticated parties negotiating an extensive Settlement Agreement. The Homeowners, through their agent Wayson Wong, knew that Stephanie Mendiola's deed had not been signed. FFCL at 3-6. In response to this concern, Gill stated that Cyfred would obtain Mendiola's signature. *Id.* Prior to the closing on the Settlement Agreement, Wong sent Gill a list of documents they needed to address. *Id.* at 4. The first item on the list was Mendiola's deed. *Id.* at 5-6. Under these circumstances, Plaintiffs should have investigated Defendants' claims and exercised their option to issue a Notice of Material Breach if they found the statements to be untruthful. It was not reasonable to allow the deadline for issuing a Notice to pass in reliance on statements by Defendants about a deed that was a central part of the Settlement Agreement.

Plaintiffs also argue that the Court erred when it failed to find that they acted reasonably under the circumstances in relying on Defendants' continued promises that Mendiola would sign

ORIGINAL

her deed. The Court's conclusion about these statements did not turn on reasonableness or

reliance, however; instead, it determined that the statements were not material because the

deadline to issue a Notice of Material Breach had already passed. FFCL at 22. Even if the Court

were to reconsider whether Plaintiffs' reliance on these statements was reasonable, their claim

would still fail because they cannot show materiality.

**B.      The Court did not err regarding the Implied Duty of Good Faith and Fair Dealing.**

Plaintiffs argue that the Court committed clear error when it found the duty of good faith

and fair dealing inapplicable. They claim that by misinterpreting California case law, the Court

improperly applied the standard for tortious breach of the implied duty rather than the proper

standard under contract law. Mot. at 2. Plaintiffs also allege the Court's consideration of the

relationship between the parties was improper because the relative bargaining strength of each

party is only relevant in a tort claim for breach of the implied duty. *Id.* at 3.

Plaintiffs misread both the Court's analysis and its supporting case law. While the

plaintiffs in *Careau & Co. v. Security Pacific Business Credit, Inc.* pled breach of the implied

duty of good faith and fair dealing as a tort action, as the Homeowners assert, the court in that

case analyzed the claim under both contract and tort law. 272 Cal. Rptr. 387, 398 (Ct. App.

1990). As the *Careau & Co.* court explained, a claim for breach of the implied duty of good faith

and fair dealing generally cannot stand on its own: "[A]bsent those limited cases where a breach

of a consensual contract term is not claimed or alleged, the only justification for asserting a

separate cause of action for breach of the implied covenant is to obtain a tort recovery." *Id.* at

400. Plaintiffs here alleged breach of the implied duty under contract theory but failed to state

facts that "go beyond the statement of a mere contract breach." *Id.* Because they did not establish

ORIGINAL

a special relationship between the parties that would allow the duty to be pled as a separate claim, the Court did not err in finding that the duty was inapplicable.

Nor was it clearly erroneous for the Court to determine that the facts in the Homeowners' good faith and fair dealing claim did not "go beyond the statement of a mere contract breach," as they now allege. Mot. at 3–6. Plaintiffs challenge this determination based on facts pled in connection with the breach of assistance contract claim, which the Court did not directly address in its Findings of Fact and Conclusions of Law; instead, it considered the implied duty in the context of the breach of contract claim that had already been decided in favor of Defendants. *See* FFCL; *accord* Dec. & Order at 6–8 (Oct. 3, 2019). But the duty is equally inapplicable to the conduct Plaintiffs now urge the Court to consider.

The Court found the duty of good faith and fair dealing inapplicable to Plaintiffs' first breach of contract claim, in part, because the factual allegations were the same as the underlying contract action. The same is true for the implied duty and the alleged breach of an assistance contract. If the same factual allegations support a claim for breach of the implied contractual duty as a claim for breach of contract, and both claims seek the same damages, then the claim for breach of the implied duty "may be disregarded as superfluous as no additional claim is actually stated." *Diamondstar Ent. Holdings, LLC v. THH, LLC*, 641 F. Supp. 3d 849, 871 (C.D. Cal. 2022) (quoting *Careau & Co.*, 272 Cal. Rptr. at 400). Plaintiffs argue that their claim for breach of the implied duty of good faith and fair dealing is not superfluous because the conduct of Defendants added facts beyond what was necessary for a mere contract breach. Specifically, they argue that Defendants "worked together with their attorney to try and preclude" title to the lots they were entitled to under the Settlement Agreement. Mot. at 5. They support these allegations

ORIGINAL

with facts pled in their claim for breach of assistance contract, including the fact that Defendants' attorney had a deed and affidavit from Mendiola from 2014. *Id.* at 5–6.

The Court finds two problems with this argument. First, Plaintiffs admit that this conduct forms the basis for not only their claim of the implied duty of good faith and fair dealing, but also their breach of assistance contract claim. Mot. at 6. The claims sought the same relief and, as Plaintiffs acknowledge, pled the same facts. Under these circumstances, the claim for breach of implied duty is superfluous: the allegations "do not go beyond the statement of a mere contract breach and, relying on the same alleged acts, simply seek the same damages or other relief already claimed in a companion contract cause of action." *Careau & Co.*, 272 Cal. Rptr. at 400.

Second, the Court previously concluded that no assistance contract existed between the parties. FFCL at 23–25. Absent an enforceable contract—with existing contractual obligations— the parties are not bound by the implied duty of good faith and fair dealing. *Racine & Laramie, Ltd. v. Dep't of Parks & Recreation*, 14 Cal. Rptr. 2d 335, 339 ("There is no obligation to deal fairly or in good faith absent an existing contract."). The duty is implied "as a *supplement* to the express contractual covenants, to prevent a contracting party from engaging in conduct which (while not technically transgressing the express covenants) frustrates the other party's rights to the benefits of the contract." *Diamondstar Ent. Holdings, LLC*, 641 F. Supp. 3d at 871. In other words, Plaintiffs cannot use the implied duty of good faith and fair dealing to supplement a contract that does not exist. When a court dismisses a breach of contract claim, it similarly dismisses any accompanying claims for breach of the implied duty of good faith and fair dealing. *Abbington SPE, LLC v. U.S. Bank, Nat'l Ass'n*, 352 F. Supp. 3d 508, 519 (E.D.N.C. 2016). Accordingly, the Court's decision was not clearly erroneous because it ultimately found in favor of Defendants on both contract claims.



## II.     CONCLUSION

The Court did not commit clear error in reaching its August 11 Findings of Fact and

Conclusions of Law; accordingly, Plaintiffs' Motion to Set Aside or Alter the Judgment is denied.

**SO ORDERED, 2 December 2025.**

HON. ELYZE M. IRIARTE
**Judge, Superior Court of Guam**

Appearing Attorneys:
Wayson W.S. Wong, Law Offices of Wayson Wong, for Plaintiffs
Curtis C. Van de veld, the Vandeveld Law Offices, for Defendants
Stephanie Mendiola, Esq., self-represented

ORIGINAL